IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSQUEHANNA COMMERCIAL FINANCE, INC.<br>    Plaintiff,<br><br>        v.<br><br>FILBERTO HERDOCIA d/b/a WESTON IMPLANT CENTER<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     CIVIL ACTION<br>NO. 06-5125 |

### ORDER AND MEMORANDUM

### ORDER

**AND NOW** this 16th day of January, 2007, upon consideration of the Motion of Plaintiff, Susquehanna Commercial Finance, Inc. for Remand of Case Removed from the Court of Common Pleas of Montgomery County, PA (Document No. 4, filed December 11, 2006); and Defendant's Answer to Plaintiff's Motion for Remand (Document No. 5, filed December 21, 2006), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that the Motion of Plaintiff, Susquehanna Commercial Finance, Inc. for Remand of Case Removed from the Court of Common Pleas of Montgomery County, PA is **GRANTED** and the case is **REMANDED** to the Court of Common Pleas of Montgomery County, Pennsylvania.

### MEMORANDUM

**I. INTRODUCTION**

This case arises out of a lease agreement between plaintiff Susquehanna Commercial Finance, Inc. ("lessor") and defendant Filberto Herdocia d/b/a Weston Implant Center ("lessee"). The lease covered computer equipment and services, supplied by Today's Destiny, Inc.

("vendor").  On October 10, 2006, plaintiff filed a Complaint in the Court of Common Pleas of Montgomery County, Pennsylvania, alleging two counts of breach of contract under Pennsylvania state law.  Plaintiff seeks damages of $19,553 plus late charges, costs, and attorneys' fees.  On November 20, 2006, defendant filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1452(a).

Presently before the Court is plaintiff's Motion for Remand for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c), or for remand on equitable grounds, pursuant to 28 U.S.C. § 1452(b).  For the reasons set forth below, petitioner's Motion is granted pursuant to 28 U.S.C. § 1447(c).

## II.  BACKGROUND

Plaintiff is in the business of financing leased office equipment.  Compl. ¶ 2.  On February 13, 2004, plaintiff entered into a lease agreement with defendant.  Id. ¶ 5.  Pursuant to the lease agreement, defendant agreed to pay plaintiff sixty monthly payments of at least $694 for the lease of computer equipment and services.  Id. ¶ 6.  Defendant allegedly made thirty payments between February 13, 2004 and July 17, 2006.  Id. ¶ 10.  Plaintiff avers that defendant defaulted on the lease agreement on July 31, 2006.  Id.  Filberto Herdocia was the guarantor on the lease in his individual capacity.  Id. ¶ 4.

Significantly, the vendor of the leased computer equipment and services was Today's Destiny, Inc. ("Today's Destiny").  Notice of Removal ¶ 3.  Defendant avers that subject matter jurisdiction exists because Today's Destiny is the debtor in a chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Texas (the "Texas bankruptcy proceeding").  Notice of Removal ¶ 4.  Specifically, the Notice of Removal asserts that this Court

has bankruptcy jurisdiction under 28 U.S.C. §§ 1334 and 157 because this case is "wholly related to" a case filed under title 11. Notice of Removal ¶¶ 1, 10. Plaintiff avers that this case presents no question of federal law; nor does the amount in controversy exceed $75,000. Mot. for Remand ¶¶ 2-3; see also 28 U.S.C. §§ 1331, 1332. Defendant does not dispute these allegations.

Debtor Today's Destiny is charged in the Texas bankruptcy proceeding with the fraudulent marketing and sale of computer equipment and services. The First Amended Complaint Against Third-Parties (Document No. 16, filed July 31, 2006) in the Texas bankruptcy proceeding alleges that Today's Destiny engaged in an ongoing "scheme to defraud its customers," as follows:

- Today's Destiny marketed and sold computer equipment that placed telephone calls to potential customers in specified zip codes. The computer equipment played a Today's Destiny script, asking a series of questions in order to market services, including chiropractic services, dentistry and Karate.

- Today's Destiny advertised its computer equipment and related services in trade journals. It represented that its products would "'boost' revenues and 'give you that 'almost unfair' advantage'" in obtaining new clients.

- Today's Destiny stated that results were "guaranteed or you don't pay." However, Today's Destiny never fulfilled this guarantee.

- Today's Destiny arranged for financing of its products and services. By obtaining financing for its customers, Today's Destiny received full payment "up front" and shifted the risk that defrauded customers would not pay onto finance companies.

Notice of Removal, Ex. B ¶¶ 18-20.

The Texas bankruptcy proceeding does not currently name as parties those finance companies that were involved in the Today's Destiny fraud. However, in a letter dated December 6, 2006, the Trustee of the estate of Today's Destiny stated that he has "decided to

amend the pleadings . . . to also assert claims against many of the finance and lease companies who were involved in Today's Destiny's sale of marketing software and equipment." Def.'s Ans. Ex. A.  A Case Management Order in the Texas bankruptcy proceeding (Document No. 52, filed October 17, 2006) provides that the Trustee must file an amended complaint by January 31, 2007.  Def.'s Ans. Ex. A.  Defendant alleges that the Trustee "will be joining" plaintiff in this case as a defendant.  Def.'s Ans. ¶ 1.  Currently, neither plaintiff nor defendant is named as a party in the Texas bankruptcy proceeding.  Mot. for Remand ¶¶ 8-9.

### III.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1334 the district courts "shall have original and exclusive jurisdiction of all cases under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334; Marshall v. Marshall, 126 S.Ct. 1735, 1746 (2006); Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995).

Section 1334 bankruptcy jurisdiction incorporates four types of cases: (1) cases "under" title 11; (2) cases "arising under" title 11; (3) cases "arising in" title 11; and (4) cases "related to" title 11.  Stoe v. Flaherty, 436 F.3d 209, 216 (3d Cir. 2006).  A case "arises under" title 11 if the cause of action "invokes a substantive right provided by title 11."  Id.  A case "arises in" a case under title 11 if the "claims by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case."  Id. at 218.  A case is "related to" a case under title 11 if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  Id. at 216; see also, In re Velocita Corp., 169 Fed. Appx. 712, 715 (3d Cir. 2006); In re Federal-Mogul Global, Inc., 300 F.3d 368, 380-81 (3d Cir. 2002); In re

Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).

Cases removed from state court under the district courts' bankruptcy jurisdiction are subject to two remand statutes.[1] The first, 28 U.S.C. § 1447(c), is a mandatory remand statute. Pursuant to § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The second, 28 U.S.C. § 1452(b), is a permissive remand statute. Pursuant to § 1452(b) a district court may remand a claim, for which the court has bankruptcy jurisdiction under § 1334, "on any equitable ground."[2]

## IV.  DISCUSSION

Plaintiff moves the Court to remand this case for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Defendant responds that "this action should not be remanded because it is part of" the Texas bankruptcy proceeding. Def.'s Ans. ¶ 1. Defendant's Notice of Removal further avers that this case either "arises under" title 11 or "arises in" a case under title

---

[1] The bankruptcy removal statute, 28 U.S.C. § 1452(a) provides:
A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

[2] In addition, the district courts' bankruptcy jurisdiction is subject to a mandatory abstention provision. Section 1334(c)(2) provides:
Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
28 U.S.C. § 1334(c)(2); Marshall, 126 S.Ct. at 1746 n.3. Plaintiff has not argued that § 1334(c)(2) applies in this case.

11 for the purposes of § 1334(b).[3]

The Court concludes that this case neither "arises under" title 11 nor "arises in" a case under title 11. Cf. Jazz Photo Corp. v. Kaplan & Gilman, L.L.P., 2006 WL 2000230, *4 (D.N.J. July 17, 2006). Plaintiff asserts only state law breach of contract claims. These claims do not "arise under" title 11 because the Complaint does not invoke rights provided by title 11 of the United States Code. Stoe, 436 F.3d at 217. Nor do plaintiff's claims "arise in" title 11 because these claims "by their nature" could arise outside of the context of a bankruptcy case. Id. at 218. Plaintiff could certainly allege breach of contract claims against defendant if Today's Destiny were not a debtor in the Texas bankruptcy proceeding. See In re Velocita Corp., 169 Fed. Appx. at 715 ("Because negligent misrepresentation claims certainly can occur outside the context of bankruptcy, 'arising in' jurisdiction does not exist here."). Thus, the Court concludes that this case does not "arise under" or "arise in" a case under title 11.

The remaining question before the Court is whether this case is "related to" a case under title 11 for the purposes of § 1334(b).[4] A case is "related to" a case under title 11 if the outcome "could conceivably have any effect on the estate being administered in bankruptcy." In re Velocita Corp., 169 Fed. Appx. at 715; In re Federal-Mogul Global, Inc., 300 F.3d at 380-81; In re Pacor, Inc., 743 F.2d at 994.

---

[3] Specifically, the Notice of Removal avers that this is a "core proceeding" under 28 U.S.C. § 157. Notice of Removal ¶ 13. Core proceedings include cases that either "arise under" title 11 or "arise in a case under title 11." Stoe, 436 F.3d at 217. Cases that are "related to" a case under title 11 are "non-core" proceedings for the purpose of 28 U.S.C. § 157. Id.

[4] Although defendant does not specifically aver that "related to" jurisdiction exists, the Notice of Removal alleges that plaintiff's claims are "wholly related to" the Texas bankruptcy proceeding. Notice of Removal ¶ 10.

6

The Third Circuit first articulated this standard of "related to" jurisdiction in In re Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984) (overruled on other grounds in Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995)).  In Pacor, plaintiffs filed suit against Philadelphia Asbestos Co. ("Pacor") in Pennsylvania state court for work-related asbestos exposure.  Id. at 986.  Defendant Pacor filed a third party complaint impleading an asbestos producer, Johns-Manville, who filed a petition in bankruptcy under chapter 11.  Id.  Subsequently, Pacor filed a petition for removal on the ground that the original workplace dispute was "related to" the Manville bankruptcy action.  Id. at 994.  The district court ordered the matter remanded to state court, and Pacor appealed.  Id. at 987.  On appeal, the Third Circuit concluded that plaintiff's claims were not "related to" the Manville chapter 11 proceedings.  Specifically, the court concluded, as follows:

> Our examination of the Higgins-Pacor-Manville controversy leads us to conclude that the primary action between Higgins and Pacor would have no effect on the Manville bankruptcy estate, and therefore is not 'related to' bankruptcy . . . At best, it is a mere precursor to the potential third party claim for indemnification by Pacor against Manville.  Yet the outcome of the Higgins-Pacor action would in no way bind Manville, in that it could not determine any rights, liabilities, or course of action of the debtor.

Id. at 995.

In this case, defendant has a potential claim against a third party debtor, Today's Destiny.  However, as in Pacor, the potential claims "have not yet accrued and would require another lawsuit before they could have an impact" on the Texas bankruptcy proceeding.  In re Federal-Mogul Global, Inc., 300 F.3d at 382.  Absent an additional lawsuit, this case could not "determine any rights, liabilities, or course of action of the debtor."  In re Pacor, Inc., 743 F.2d at 995.  Moreover, "the mere fact that there may be common issues of fact" between this case and

7

the Texas bankruptcy proceeding is insufficient to establish bankruptcy jurisdiction.  Id. at 994.  Thus, the Court concludes that this case could not "conceivably have any effect on the [Today's Destiny] estate" under the Pacor standard.  In re Pacor, Inc., 743 F.2d at 994; In re Federal-Mogul Global, Inc., 300 F.3d at 381.

Defendant's allegation that the Trustee of the estate of Today's Destiny "will be joining" plaintiff as a defendant in the Texas bankruptcy proceeding does not alter this analysis.  Def.'s Ans. ¶ 1.  Pursuant to § 1447(c) this Court must remand "[i]f *at any time* before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c) (emphasis added).  While "related to" jurisdiction may arise if plaintiff is joined as a defendant in the Texas bankruptcy proceeding, this case is not "related to" a case under title 11 at this time.  Thus, this case must be remanded for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

**V. CONCLUSION**

For the reasons stated above, plaintiff's Motion for Remand is granted pursuant to 28 U.S.C. § 1447(c).  Because the Court grants the Motion for Remand for lack of subject matter jurisdiction, the Court does not reach that part of plaintiff's Motion for Remand that seeks remand on equitable grounds pursuant to 28 U.S.C. § 1452(b).

**BY THE COURT:**

/s/ Honorable Jan E. DuBois
**JAN E. DUBOIS, J.**